ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Mansoor International Development Services | ) ASBCA No. 58423 |
| | ) |
| Under Contract No. W91B4N-11-D-7011 | ) |

APPEARANCES FOR THE APPELLANT:
Terry L. Elling, Esq.
Thomas M. Brownell, Esq.
  Holland & Knight LLP
  McLean, VA

APPEARANCES FOR THE GOVERNMENT:
Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
Erica S. Beardsley, Esq.
MAJ Raymond Adams, JA
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, Mansoor International Development Services (MIDS), had a contract for trucking services in Afghanistan. In March 2012, the government issued a letter indicating the termination of the contract for cause, without providing the complete notification of rights required by FAR 33.211(a)(4)(v). In September 2012, the government issued modifications to the contract, terminating the contract for cause and including an explanation of appeal rights. MIDS filed a notice of appeal within 90 days of the modifications, but more than 90 days after the March letter. The government moves to dismiss the appeal as time barred. We deny the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 16 August 2011, the Bagram Regional Contracting Center awarded Contract No. W91B4N-11-D-7011 to MIDS, effective 12 August 2011 (R4, tab 2). The contract was for trucking services in Afghanistan (R4, tab 2 at 159; compl. ¶ 3). It incorporated FAR 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (JUN 2010) (R4, tab 2 at 168).

2. On 31 March 2012, the contracting officer issued NAT 0234, a "NOTICE OF TERMINATION FOR CAUSE OF CONTRACT W91B4N-11-D-7011; AND TASK

ORDER W91B4N-11-D-7011-0002; AND TASK ORDER W91B4N-11-D-7011-0002-0003"
(R4, tab 245; compl. ¶¶ 4, 21). The document states that:

1. The purpose of this letter is to notify your company that [the identified contract and task orders] will be terminated in their entirety in accordance with contract clause 52.212-4(m). The termination is effective immediately upon completion of the final outstanding mission, currently being pe[r]formed under the contract.

(R4, tab 245 at 2774) The document provides grounds for the termination, followed by the following statements:

3. No further missions will be issued to your company under the referenced task orders or contract. Your company is responsible for completing all transportation missions that are currently in progress. Those missions shall be completed within the terms and conditions of the contract. Upon completion of the final outstanding mission, your company's right to proceed under this contract is terminated.

4. A final invoice shall be provided to the government within thirty days after completion of the final mission. The final invoice shall include all outstanding missions which have not been previously invoiced and shall be suitable for final payment.

   ....

6. This termination constitutes the Contracting Officer's final decision. Your company has the right to appeal such decision under the Disputes clause.

   ....

8. This notice constitutes a decision that your company is in default as specified. Your company has the right to appeal under the disputes clause.

(R4, tab 245 at 2776-77) MIDS acknowledged receiving the letter on 31 March 2012 (R4, tab 246).

2

After the contracting officer issued the 31 March letter to MIDS, various correspondence followed between the parties, including emails from 28 July and 1 August, where MIDS explained that it understood the contract had been terminated in March but indicated it believed that it had 90 days from final invoice to close out the contract and was trying to do so. On the same date, the contract specialist referred to an "impending Final termination for the MIDS contract." (R4, tabs 284-85)

3. On 1 September 2012, the contracting officer executed Modification No. P00010 of the contract. In its "SUMMARY OF CHANGES," the modification included the following language:

> 1. Your right to proceed further under this contract is hereby terminated pursuant to the authority of FAR 52.2124(m) [sic] effective 31 March 2012. As a result of this termination, the Government shall not be liable to [MIDS] for any amount for supplies or services not accepted, and the Government is not liable for any costs incurred by this termination. Your company was notified of this termination on 31 March 2012.
>
> ....
>
> 3. This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken.

The modification also described what should be contained in the notice of appeal, provided notice of the Board's small claims and accelerated procedures, and of MIDS' right to elect the alternative forum provided by the United States Court of Federal Claims within 12 months of receipt. (R4, tab 293) Similar modifications were issued for Task Orders 0001 through 0003 (R4, tabs 294-96).

4. On 29 November 2012, the Board received a notice of appeal from MIDS. The notice stated:

> This letter gives formal notice that MIDS pursuant to the Contract Disputes Act...is appealing the final decision to terminate for default of the Contracting Officer...dated 31 March 2012, and of the September 1, 2012 modification and correction of that final decision which included required

clauses absent in the initial letter and extended the time for
appeal with an additional 90 days....

The notice of appeal, and complaint filed the same day, requested conversion of the termination for cause to a termination for convenience.

5. On 17 September 2013, the Board issued an order to the parties seeking commentary about whether this appeal was timely filed within 90 days of MIDS' receipt of the 31 March letter under 41 U.S.C. § 7104(a). The government responded with a motion to dismiss the appeal for lack of jurisdiction. MIDS opposed, contending that the 31 March letter was not a proper termination because it did not contain the explanation of MIDS' appeal rights required by FAR 33.211(a)(4)(v).

6. After considering the parties' positions, the Board issued another order on 22 May 2014, seeking briefing about whether the contracting officer's 31 March letter constituted a notification of intention to terminate rather than an actual termination. The Board also sought briefing about the effect of second decisions upon the time period for appeal and whether any of the communications between the parties constituted reconsideration of a decision by the contracting officer. That briefing is now complete.

## DECISION

Under the Contract Disputes Act (CDA), 41 U.S.C §§ 7101-7109, the Board may only exercise jurisdiction over an appeal filed "within 90 days from the date of receipt of a contracting officer's decision." 41 U.S.C. § 7104(a); *see Medina Contracting Co.*, ASBCA No. 53783, 02-2 BCA ¶ 31,979 at 158,020. The government contends that the contracting officer's 31 March 2012 letter was a proper contracting officer's decision terminating the contract for cause. Accordingly, it contends MIDS' 29 November 2012 appeal from that decision is untimely and should be dismissed. MIDS counters that the 31 March 2012 letter was merely a notice of intent to terminate and therefore not a proper termination for cause. Additionally, it was an incomplete final decision because it did not contain the language notifying MIDS of its appeal rights required by FAR 33.211(a)(4)(v) and appellant was prejudiced thereby. MIDS argues that only the 1 September 2012 contract modifications contain the required notices and that its 29 November 2012 notice of appeal was filed within 90 days of receiving them.

There is a significant question as to whether the 31 March 2012 letter was intended to immediately terminate the contract for cause or merely notify MIDS of an intention to do so in the future. Favoring notification of future intent is the fact that the letter informed MIDS that it would be terminated upon completion of its final mission and that it "is responsible for completing all transportation missions that are currently in progress." Also, the government subsequently referred to an impending final termination. Favoring immediate termination is the letter's statement that MIDS is in

default, that "[t]his termination constitutes the Contracting Officer's final decision" and that MIDS "has the right to appeal under the disputes clause." There is also MIDS' admission that the contract was terminated in March 2012. (SOF ¶ 2) However, even assuming *arguendo* that the 31 March 2012 letter otherwise constituted a valid final decision, because it lacked the required language notifying MIDS of its appeal rights, and prejudiced MIDS ability to prosecute a timely appeal, the 90-day period for appealing to this Board was suspended until the contracting officer cured it by issuing the 1 September 2012 decision.

Under the CDA, a "contracting officer's decision shall…inform the contractor of the contractor's rights as provided in this chapter." 41 U.S.C. § 7103(e). FAR 33.211(a)(4)(v) governs the notifications to be placed in contracting officer final decisions, and requires language substantially as follows:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.
>
> With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's –
>
> (1) Small claim procedure for claims of $50,000 or less or, in the case of a small business concern (as defined in the Small Business Act and regulations under that Act), $150,000 or less; or
>
> (2) Accelerated procedure for claims of $100,000 or less.
>
> Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision....

The 31 March 2012 letter did not in any manner describe those appeal and judicial review rights and the time limits for pursuing them.

The United States Court of Appeals for the Federal Circuit addressed the implications of a defective termination notice in *Decker & Co. v. West*, 76 F.3d 1573 (Fed. Cir. 1996). There, the contracting officer's decision terminating a contract for default incorrectly informed the contractor that it could challenge the termination in the United States Court of Federal Claims within 12 months when in fact, at that time, the Court of Federal Claims had no jurisdiction over pure default terminations. This Board ruled that because the notice was defective it did not trigger the 90-day filing requirement, regardless of whether the contractor had relied upon it. The court of appeals reversed. It stated that nothing in the CDA "prevents the Board...from requiring contractors seeking to avoid an otherwise proper time bar on the basis of a defect in the notice of appeal rights to demonstrate detrimental reliance on that defect." *Id.* at 1579. Thus, if the contractor's actions are unaffected by the defect, "[t]he notice...continues to be an effective Contracting Officer's decision under [the CDA] with respect to triggering the limitation period." *Id.* at 1579-80. It is the contractor's burden to demonstrate that the defective notice "prejudiced its ability to prosecute its timely appeal before the limitation period will be held not to have begun." *Id.* at 1580. Since *Decker*, when confronted with contracting officer decisions that only advise the contractor that it may appeal under the Disputes clause, omitting additional details of its rights, the Board has required the contractor to prove it was actually prejudiced by the omission, or that the contractor detrimentally relied upon it, to avoid the 90-day limitation period. *Am. Renovation & Construction Co.*, ASBCA No. 54039, 03-2 BCA ¶ 32,296 at 159,804; *Medina Contracting*, 02-2 BCA ¶ 31,979 at 158,020-21.

In its filing responding to the Board's 17 September 2013 order, and the government's motion to dismiss, MIDS essentially ignored *Decker* by suggesting that a defect in the notice required by the FAR was categorically prejudicial. In a surreply, MIDS (by prior counsel) suggested for the first time that it was not familiar with the appeal process, but failed to present any affidavits or declarations supporting that assertion. Mere argument by MIDS' counsel is not evidence. *Stewart & Stevenson Servs., Inc.*, ASBCA No. 43631, 98-1 BCA ¶ 29,653 at 146,926. Only after MIDS retained its current counsel and it filed its response to the Board's 22 May 2014 order did it file an affidavit from its CEO, Yousuf Mansoor. Mr. Mansoor testified that MIDS understood the 31 March 2012 letter to mean no more missions would be awarded, MIDS was to complete existing missions, and it was to complete its billings. He explained that at the time of the termination MIDS had no personnel experienced in administration of government contracts and stated that "MiDS had neither specific nor general knowledge of the time limits imposed upon it for appealing to this Board as of the time it received the Notice of Termination, or for many months thereafter." Instead, MIDS "understood and believed that any time limits flowed from the completion of the contract close out process, including the completing of outstanding missions and submission of final

6

invoices and claims." He closed by reiterating that "[w]e did not understand our appeal rights and obligations and MiDs was prejudiced by the failure of the Contracting Officer in March to explicitly recite them." (App. br. dtd. 22 July 2014, Mansoor aff. ¶¶ 5, 8, 9, 15, 16)

The government contends that Mr. Mansoor's affidavit is too late because MIDS filed it after the parties completed briefing the government's motion to dismiss the appeal and while responding to the Board's 22 May 2014 order about the nature of the 31 March 2012 letter. We reject that suggestion. No inflexible rules bar us from receiving Mr. Mansoor's affidavit after a certain date. Indeed, we commenced this inquiry ourselves with the intent to find the truth. It is clear that MIDS' new counsel thought to obtain the affidavit from Mr. Mansoor to address MIDS' knowledge of its appeal rights. It is relevant and we accept it.

The government also contends that MIDS was not prejudiced by the absence of information in the 31 March 2012 decision about the extent of its appeal rights because the decision noted MIDS could appeal it. The government says that reference should have prompted MIDS to seek clarification about the rest of its rights. However, *Decker* does not permit the contracting officer to shift to the contractor responsibility to determine all of its appeal rights so long as the final decision mentions that the contractor can appeal. If that was the case, then FAR 33.211(a)(4)(v)'s requirement for extensive explanation about the time and place for appeal or suit would be reduced to "you may appeal this decision."

Here, MIDS did not understand its appeal rights, or know of the time limits for appealing to the Board, when it received the 31 March 2012 letter. Instead, it believed that time limits flowed from the completion of the contract close out process, which it was still attempting to pursue as late as August 2012. The government says these facts are inadequate to conclude MIDS was prejudiced by the government's omissions in the 31 March letter because MIDS has not said it would have filed an appeal within 90 days had it been given a full explanation of its rights. However, MIDS should have been given that information to allow it to make a timely, informed choice about an appeal. Where it lacked the knowledge itself, the government's failure to provide it prejudiced MIDS. MIDS' interest in appealing is revealed by the fact that it did just that within 90 days of receiving the 1 September termination notice containing its full appeal rights.[1]

---

[1] Given this ruling, we do not address the other issues raised in our 22 May 2014 order.

## CONCLUSION

The government's motion to dismiss is denied.

Dated: 4 September 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58423, Appeal of Mansoor International Development Services, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

8